# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ROSA L. WIBLEY,

    **Plaintiff,**

v.                                          Case No.: 2:16-CV-1081
                                              JUDGE SMITH
                                              Magistrate Judge Deavers

MEDTRONIC, INC.,

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 26). Plaintiff opposed Defendant's Motion (Doc. 31) and Defendant replied in support (Doc. 32). However, since Defendant's reply, Plaintiff has filed her own Motion to Dismiss the Amended Complaint (Doc. 36). Defendant opposed Plaintiff's Motion for Leave (Doc. 39) and Plaintiff replied in support (Doc. 40). These motions are now ripe for review. For the following reasons, Plaintiff's Motion is **GRANTED** and Defendant's Motion is **DENIED as moot**.

## I.    BACKGROUND

This case arises from Plaintiff's receipt and use of a pain pump manufactured by Medtronic. Plaintiff suffered from chronic pain in her back and used the Medtronic pump to help control the pain via daily morphine injections. (Doc. 21, Am. Compl. at ¶¶ 45–46). The pump was installed by Dr. Bruce Massau. (*Id.* at ¶ 45). The Medtronic pump installed in Plaintiff was eventually recalled by Medtronic because the pumps were allegedly defective. (*Id.* at ¶¶ 54–57).

Despite having the pain pump installed, Plaintiff continued to experience chronic pain and saw Dr. Massau to determine the cause of the pain. (*Id.* at ¶¶ 84–85). In February 2016, Massau found that a Medtronic catheter attached to the pump had failed. (*Id.* at ¶¶ 87–90). He replaced the catheter, and restarted the pump. (*Id.*). Plaintiff continued to experience chronic pain, over-dosing, under-dosing, and drug withdrawal symptoms while using the pump. (*Id.* at ¶ 92). Massau removed the pump in October 2016 because the pump failed to provide consistent morphine dosage. (*Id.* at ¶¶ 93–94). Plaintiff then filed suit in this case.

However, since the filing of the Amended Complaint, Plaintiff alleges that although Massau originally told her that he installed a new pump in February 2016, there is no evidence he actually installed a new pump at that time. (Doc. 36, Pl.'s Mot. at 3). Plaintiff also now alleges that Medtronic representatives were present for at least one of Plaintiff's medical procedures—an August 26, 2016, procedure. Plaintiff argues that Massau and the others responsible for her care at that time are necessary and indispensable parties. Her Motion to Dismiss asks this Court to either join these parties and remand the case to state court or to dismiss this case without prejudice. Defendant argues that the Court should rule on its Motion to Dismiss. The Court will first address Plaintiff's Motion.

## II. DISCUSSION

Plaintiff moves this Court to dismiss her case in its entirety, or to grant joinder of new parties and remand the case back to state court. Defendant argues that joinder is unnecessary and inappropriate and that Plaintiff's Amended Complaint should be dismissed with prejudice for the reasons stated in Defendant's Motion to Dismiss. Because Plaintiff has moved for voluntary dismissal or joinder in the alternative, meaning that Plaintiff need not meet the explicit rules for joinder if dismissal is otherwise appropriate under Rule 41(a)(2).

A motion for voluntary dismissal should be granted unless "'the defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.'" *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (quoting *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). "In determining whether such prejudice would result, courts typically consider 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.'" *Bridgeport Music*, 583 F.3d at 953 (quoting *Grover*, 33 F.3d at 718).

Almost all of the factors weigh against a finding of legal prejudice. Although the Court understands that Defendant has expended costs in filing two separate motions to dismiss, the Court also notes that the legal arguments for dismissal in both of Defendant's Motions are nearly identical. (Compare Doc. 7, Def.'s 1st Mot. Dismiss *with* Doc. 26, Def.'s 2d Mot. Dismiss). The remaining factors weigh in favor of dismissal. Most of the deadlines in this case have been either stayed or extended and Defendant has not alleged that it has expended extensive discovery costs that would need to be repeated if this case is refiled. This means the effort and expense exerted by Defendant so far in this case is limited. Although Plaintiff waited until after Defendant filed two Motions to Dismiss, the delay in filing this motion is not excessive. Further, it appears Plaintiff has been diligent because she stated that she recently discovered evidence of medical malpractice on the part of Defendant and Dr. Massau through the use of subpoenas. Regarding Plaintiff's explanation for requesting dismissal, she has sufficiently explained that she wishes to bring a medical malpractice claim against Medtronic and Dr. Massau. Last, Defendant

has not filed a motion for summary judgment. The Court finds that voluntary dismissal under Rule 41(a)(2) is appropriate.

### III. CONCLUSION

Based on the foregoing, this action is **DISMISSED without prejudice**. Defendant's Motion to Dismiss and Motion for Protective Order and Stay Discover are **DENIED as moot**. The Clerk shall **REMOVE** Documents 26, 33, and 36 from the Court's pending motions list and close the case.

**IT IS SO ORDERED.**

                                                 **/s/ George C. Smith**
                                                 **GEORGE C. SMITH, JUDGE**
                                                 **UNITED STATES DISTRICT COURT**